DAVID J. HERNANDEZ & ASSOCIATES
By: David J. Hernandez, Esq.
26 Court Street, Suite 714
Brooklyn, NY 11242
T: (718) 522-0009
F: (718) 522- 3305

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X
ROSA OROZCO,

                Plaintiff,

                                                                                       CIVIL ACTION NO.:
-against-

SCHINDLER ELEVATOR CORPORATION
                Defendants.
-------------------------------------------------------------------X

**COMPLAINT IN A CIVIL ACTION**

Plaintiff, ROSA OROZCO, for her complaint, by her attorneys, DAVID J. HERNANDEZ & ASSOCIATES, upon information and belief, respectfully alleges as follows.

**PRELIMINARY STATEMENT**

1. This is a civil action for personal injuries suffered by Plaintiff ROSA OROZCO, against Defendants,

2. This action arises out of a trip and fall that occurred on December 27, 2021, on escalator number eleven (11) at the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827 owned, managed, maintained, controlled inspected, and operated by Defendants,

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1322 in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and there exists diversity of citizenship between the parties.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2). Defendant, SCHINDLER ELEVATOR CORPORATION, is duly organized and existing under the virtue of law in the District of New Jersey in that he is subject to the personal jurisdiction of the United States District Court for the District of New Jersey.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6. Plaintiff, ROSA OROZCO, is an individual and citizen of the State of New York.

7. Defendant, SCHINDLER ELEVATOR CORPORATION, was and still is a foreign corporation duly organized and existing under the virtue of the laws of the State of New Jersey.

### FIRST CAUSE OF ACTION

8. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "7" inclusive, with the same force and effect as if hereinafter set forth at length.

9. That at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, operated, maintained, managed and controlled escalator number 11 at the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

10. That on December 27, 2021, and at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, operated, the escalator known as escalator number eleven (11) at the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

11. That on December 27, 2021, and at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, managed, the escalator known escalator eleven (11) in the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

12. That on December 27, 2021, and at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, maintained, the escalator known escalator eleven (11) in the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

13. That on December 27, 2021, and at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, controlled the escalator known escalator eleven (11) in the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

14. That on December 27, 2021, and at all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, inspected the escalator known escalator eleven (11) in the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827.

15. That at the time of the forgoing incident Plaintiff, ROSA OROZCO, was a lawful pedestrian walking along Orlando International Airport preparing to board a flight to New York on Spirit Airlines when stepping onto escalator number eleven (11), her carry-

on luggage got stuck in a defective escalator step which ended up dragging the claimant along with her luggage as the escalator ascended causing the claimant to fall backwards, being dragged upward upon the escalator.

16. That aforesaid escalator was defective in that the escalator was improperly maintained, inspected, managed, and operated.

17. That due to the foregoing, plaintiff was caused to and did sustain sever, painful, and personal injuries in and about her limbs and body, she was compelled to undergo hospital and medical aid, treatment and attention, and to expend diverse sums of money for same; she has been prevented from engaging in her usual activities for a long period of time, all with attendant losses and since some of said injuries are of a permanent and long lasting nature, upon information and belief, she will continue to suffer continuous pain, suffering inconvenience, and damage in the future.

18. That due to the foregoing, any all-pre-existing injuries and/or conditions, if any suffered by this plaintiff have been precipitated, aggravated and exacerbated.

19. All the foregoing occurred solely as a result of the negligence, gross negligence, carelessness and reckless of the defendant, SCHINDLER ELEVATOR CORPORATION in their ownership, operation, management, maintenance, control, and inspect of the aforesaid escalator numbered eleven in the premise known as the Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, FL 32827, without any negligence on the part of plaintiff contributing hereto.

20. That subject incident, and the subsequent injuries and damages sustained by Plaintiff, ROSA OROZCO, were caused solely through and by reason of the negligence, negligent supervision, negligent hiring, training and retention, and recklessness perpetrated by

SCHINDLER ELEVATOR CORPORATION its agents, servants, licensees, contractors, subcontractors, employees, and other affiliates, agencies, and departments and those person acting under its direction, behest, permission, and control at the time of the accident.

21. That subject incident, and the subsequent injuries and damages sustained by Plaintiff, ROSA OROZCO, were caused solely through and by reason of the negligence, negligent supervision, negligent hiring, training and retention, and recklessness perpetrated by SCHINDLER ELEVATOR CORPORATION its agents, servants, licensees, contractors, subcontractors, employees, and other affiliates, agencies, and departments and those person acting under its direction, behest, permission, and control prior to the accident by causing, allowing, permitting the aforementioned escalator to remain defective in a state of disrepair, in failing to inspect and repair said escalator prior to the accident; in failing to remedy, repair, modify, and change escalator prior to accident.

22. That SCHINDLER ELEVATOR CORPORATION its agents, servants, licensees, contractors, subcontractors, employees, and other affiliates, agencies, and departments knew or in the exercise of reasonable and ordinary care should have known that repairs, remedies, changes, inspections or modifications were required to be made to that escalator prior to the time of the accident; in causing, permitting and allowing a hazardous and dangerous and trap/trap like condition to be, become, remain and exist for an excessive and unreasonable period of time, despite and in spite of actual and constructive notice; in failing to take any necessary actions, steps, and or measures to alleviate said conditional in failing to undertake proper and or adequate actions, steps and/or measures to ensure the safety of those persons legally and lawfully travelling on

said sidewalk, in failing to fix the sidewalk prior to the accident, in failing to erect proper and reasonable precautions/warnings or other safeguards and/or otherwise restricting the use of said sidewalk so as to prevent said dangerous, hazardous and trap/traplike conditions endangering the public and more specifically the Plaintiff, ROSA OROZCO.

23. That as a result of the negligence, carelessness, and recklessness of the Defendants as aforesaid, Plaintiff, ROSA OROZCO, sustained sever and serious personal injuries, was caused to suffer sever physical pain and mental anguish, was obliged to and did expend large sums of money for medical and hospital expenses, and will incur future medical and hospital expenses, was confined to hospital, bed and/or home, and was incapacitated from attending her usual activities, all to her financial and emotional detriment and loss in an amount that exceeds the jurisdictional limits set forth in 28 U.S.C § 1332.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands from the Defendant:

a) Actual, compensatory, and statutory damages; b) punitive damages as allowed by law; c) an award of attorney's fees as allowed by law; d) an award of taxable costs; and e) any and all such relief as this Court deems just and proper.

Dated: Brooklyn, New York
December 16, 2022

DAVID J. HERNANDEZ & ASSOCIATES

_____
By: David J. Hernandez, Esq.
Attorney for Plaintiff
ROSA OROZCO
26 Court Street, Suite 714
Brooklyn, NY 11242
Telephone: (718) 522-0009
Fax: (718) 522-3305